PER CURIAM.
The defendant, Lawrence Phillip Bajoie, was charged by bill of information with violating La. R.S. 40-971 (a), as amended by Act 457 of 1970, in that he possessed a controlled dangerous substance, a hallucinogen (L.S.D.), with the intent to distribute. The defendant filed a motion to quash the information alleging the unconstitutionality of Act 457 of 1970.
The trial court sustained the motion. The State reserved and perfected one bill of exceptions, alleging the trial court erred when it sustained the motion to quash.
This question was decided by this court September 30, 1971, shortly after the decision of the trial judge in this case. State v. Welkner, 259 La. 815, 253 So.2d 192 (1971). The trial judge correctly ruled Act 457 of 1970 unconstitutional insofar as affecting the present prosecution for possession of a hallucinogen (L.S.D.). As under the reasoning of Welkner, which dealt with amphetamines, it is only the regulation of amphetamines, barbiturates and hallucinogens (as defined by Sub-Part D) which exceeds the title of Sub-Part A, as re-enacted by Act 457 of 1970. Thus Act 457 of 1970 is unconstitutional insofar as it attempts to regulate these latter substances.
As in Welkner, however, since this motion to quash may be cured by amend *995 ment or by a new information or indictment, charging the defendant under the correct statute, La.C. Cr.P. Arts. 485, 538, a delay may be allowed for the State to do so.

Decree

For the reasons assigned, the decree of the trial court is affirmed insofar as it quashed the present indictment; but it is amended to allow the State a period not to exceed thirty (30) days from date of the finality of this decree, if it desires, to file a new or an amended bill of information charging the defendant with the crime of possession of “L.S.D. with the intent to distribute” under a valid statute.
Affirmed as amended.